UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DOUGLAS CONE and  )
VICKI CONE,  )
  )
    Plaintiffs,  )
  )
v.  )
  )  Case No. CV415-163
NATIONAL GENERAL  )
ASSURANCE COMPANY; and  )
CAMPING TIME RV CENTERS,  )
d/b/a CAMPING WORLD RV SALES,  )
  )
    Defendants.  )

## ORDER

Before the Court is an insurance coverage case arising from storm damage to the roof of a motor home purchased by plaintiffs Douglas and Vicki Cone from Camping Time RV Centers, LLC d/b/a Camping World RV Sales (Camping World). The Cones insured it with National General Assurance Company (NGAC), against whom they brought this action after it refused to pay their damage claim. In its November 16, 2015 Order, the Court resolved the parties' discovery dispute and granted plaintiffs' unopposed motion to add Camping World as a defendant. Doc. 39, *reported at* 2015 WL 7196478. It also directed the parties to present a

revised scheduling order, doc. 39 at 15, and they complied. Doc. 48. The Court **GRANTS** NGAC's motion for clarification (doc. 40) and agrees with the Cones (doc. 51) that the addition of Camping World as a defendant extended the expert-witness disclosure and related deadlines per the Consent Revised Scheduling Order (doc. 48), which means the Cones timely named their retained and non-retained experts.[1]

**SO ORDERED**, this  29th  day of February, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] As the Court previously ruled:

> The Court also grants plaintiffs' motion to extend discovery. Doc. 34. Plaintiffs were awaiting this ruling so they could depose defense witnesses with the benefit of the withheld documents now ordered disclosed. Doc. 34 at 1; doc. 27 at 1-2. They also have now succeeded in adding Camping World as a party, and they cite to discovery needed from it. Doc. 34 at 2. *Expert witness needs (plaintiffs may raise a negligence claim against Camping World) are also in play. Id.*

Doc. 39 at 14 (emphasis added). The Court clarifies that, with the addition of a new defendant and any new analytical wrinkles it may raise, it is fair to extend the expert-witness disclosure cycle, as has been done here (reflected in the consent scheduling order, doc. 48).

2