# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DOUGLAS CONE and  )
VICKI CONE,  )
  )
    Plaintiffs,  )
  )
v.  )
  )   Case No. CV415-163
NATIONAL GENERAL  )
ASSURANCE COMPANY; and  )
CAMPING TIME RV CENTERS,  )
d/b/a CAMPING WORLD RV SALES,  )
  )
    Defendants.  )

## ORDER

Before the Court is an insurance coverage case arising from storm damage to the roof of a motor home purchased by plaintiffs Douglas and Vicki Cone from Camping Time RV Centers, LLC d/b/a Camping World RV Sales (Camping Time). The Cones insured it with National General Assurance Company (NGAC), against whom they brought this action after it refused to pay their damage claim. Doc. 47 at 5-6. They also sue Camping Time for, *inter alia*, negligence. *Id.* at 6.

The Court has already resolved a prior discovery dispute, doc. 39, *reported at* 2015 WL 7196478, but more discovery-based motions have

since been filed, doc. 74 (Motion For Protective Order); doc. 75 (Motion for Out of Time Discovery), followed by a Motion to Exclude Plaintiff's Non-Retained Expert, doc. 82, NGAC's Motion for Summary Judgment, doc. 85, Camping Time's Motion for Summary Judgment, doc. 86, Camping Time's Motion *In Limine*, doc. 87, Plaintiffs' Second Motion for Remand, doc. 119, and Plaintiffs' Motion To Extend Time to file a sur-reply brief. Doc. 122. The discovery-based and time-extension motions (docs. 74, 75 & 82) are before the undersigned, while the rest remain before the district judge.

The Court **GRANTS** plaintiffs' time-extension motion, doc. 122,[1] but **DENIES** without prejudice the discovery-based motions. Docs. 74, 75 & 82. They may be renewed after the district judge reaches the summary judgment and remand motions, which may well moot them.[2]

---

[1] NGAC opposes, claiming it's untimely, doc. 125, but this Court has a liberal reply brief policy. *Waddy v. Globus Med., Inc.*, 2008 WL 3861994 (S.D. Ga. Aug 18, 2008) (the "parties may file as many reply briefs as they like under Local Rule 7.5.") (citing *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003)); *Brown v. Chertoff*, 2008 WL 5190638 at * 1 (S.D. Ga. Dec.10, 2008) (reminding that "[o]nce the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.' That is, the Court is free to issue its decision at any time."). And even NGAC, for that matter, notes that it suffers no real prejudice. Doc. 125 at 2 ("Furthermore, the sur-reply brief is unnecessary because the issues have been fully briefed by both parties and the Plaintiffs' brief adds nothing new.").

[2] NGAC's summary judgment motion, filed *after* the latest discovery-dispute motions, argues that NGAC

SO ORDERED, this  22nd  day of August, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

is entitled to summary judgment as a matter of law that it has no duty to pay for any damage to Plaintiff Douglas and Vicki Cone's motorhome and/or that [NGAC] had "good cause" to deny the Cones' claim as a matter of law or that the Cones have failed to provide sufficient support for their claim for attorney's fees. Alternatively, [NGAC] is entitled to summary judgment as a matter of law that the Cones' damages, if any, are limited to the condition of their motorhome in the summer of 2014. Wherefore, [NGAC] respectfully requests that this Court grant its motion for summary judgment.

Doc. 85 at 2. Camping Times' summary-judgment motion also shoots for the fences. Doc. 86 at 2 (arguing that "it is entitled to summary judgment as a matter of law that Plaintiffs Douglas and Vicki Cone cannot meet their burden of proof on their negligence claim. Alternatively, Camping Time is entitled to summary judgment as a matter of law that the Cones' damages, if any, are limited to the condition of their motorhome in the summer of 2014."); *see also* doc. 86-1 at 25 (setting forth facts to support its conclusion that it "did not owe the Cones a duty after they retrieved it from Camping Time on June 12, 2014.").

Those dispositive motions obviously have not been "held back" by the disputed discovery issues (the motions in fact were filed), and the Cones are free to invoke Fed. R. Civ. P. 56(d) (nonmoving party can show, by affidavit or declaration, that it needs more time to obtain affidavits or declarations or discovery essential to justify its summary-judgment opposition). And, the remand motion, of course, would moot all other pending motions if granted. Doc. 119 at 6 (the Cones argue that this diversity-jurisdiction case was wrongly removed -- there are no diverse parties).

3